IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS LUIS VENEGAS, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:21-CV-3013-N-BH |
| § | (NO. 3:16-CR-479-N) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Carlos Luis Venegas under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On November 21, 2016, Movant was named in a one-count indictment charging him with conspiracy to distribute and dispense hydrocodone through various pill mills, in violation of 21 U.S.C. § 846. CR ECF No.[1] 3. Movant entered a plea of not guilty. CR ECF No. 10. He was tried by a jury, which found him guilty as charged. CR ECF No. 392.

Movant was sentenced to a term of imprisonment of 156 months. CR ECF No. 468. He appealed and the United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Venegas*, 819 F. App'x 280 (5th Cir. 2020).

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:16-CR-479-N.

## II.   GROUNDS OF THE MOTION

Movant raises one ground in support of his motion, alleging that he received ineffective assistance of counsel. Specifically, his counsel: (1) did not adequately prepare him for trial, (2) did not make proper objections during trial, (3) did not put forth the zealous defense necessary to adequately represent him, (4) did not share critical pieces of evidence with him, (5) did not call crucial expert witnesses on his behalf, and (6) was poorly prepared for trial. ECF No.[2] 1 at 7. (A more detailed list is provided on a separate page to include seven items. *Id.* at 11.)

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV. ANALYSIS

The evidence of Movant's guilt was overwhelming. *See* ECF No. 6 at 1–18. As the Fifth Circuit summarized:

> Although [Movant] contends he did not know the clinics were operating as pill mills, the Government presented considerable evidence that he was subjectively aware of a high probability of the existence of illegal conduct. He directed his supervisees to prescribe the maximum dosage of hydrocodone in contravention of the standard of care, he was aware the clinics were prescribing hydrocodone to patients who had no legitimate medical need for it, a pharmacist notified him that her pharmacy had received seemingly illegitimate prescriptions from the clinics, and he was aware of suspicious activity at the clinics. There is also substantial evidence that [Movant] purposely contrived to avoid learning of the clinics' illegal conduct. He visited the clinics only once a week when most of the patients were gone and eventually stopped going to the clinics altogether, he did not provide adequate oversight to his supervisees or take any steps to ensure the clinics were running properly, he did not monitor the number of prescriptions for controlled substances that were being issued under his license, and he did not follow up when his supervisees raised concerns about the clinics' operations and prescribing practices.

819 F. App'x at 281–82. Accordingly, Movant has determined that his conviction is all the fault of his counsel.[3]

In support of his motion, Movant provides a laundry list of alleged failings of his counsel. He fails to provide any specifics, however, as to any particular failure and why that failure changed the outcome of the case. Conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller*, 200 F.3d at 282. The movant must plead and prove the particular professional failure and show how, but for that failure, the result of the proceeding would have been different. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

---

[3] To the extent Movant attempts to raise the issue of insufficiency of the evidence in his reply, that effort comes too late. In any event, the ground is foreclosed as it should have been raised on appeal and Movant has made no attempt to show cause and prejudice.

4

For example, Movant generally alleges that his counsel "failed to conduct even a minimally adequate pretrial investigation, talk to expert witnesses, or to review even basic discovery and evidence" with him. ECF No. 1-1 at 9. One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). In other words, he must show a reasonable probability that the result would have been different, that is, a probability sufficient to undermine confidence in the outcome. *Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014). The probability must be substantial, not just conceivable. *Id.* A decision not to investigate a particular matter is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*.

To the extent Movant alleges failure to investigate, he has not provided any support for such claim. At best, he refers to "failure to find three checks or review them" with Movant. ECF No. 9 at 7. He fails to explain what difference the alleged failure made. As the Government points out, Movant had ample opportunity to explain the checks. ECF No. 6 at 25–26 & nn. 10 & 11. He does not identify any other "crucial evidence or discovery material." ECF No. 1-1 at 9.

Movant complains that counsel failed to call expert witnesses to testify on Movant's behalf despite his requests. He identifies Dr. Matthew Schroff, Jim Hrczr, and an unnamed IT expert. ECF No. 1 at 11. In his supporting memorandum, he refers to, but does not identify, an expert he says attended the trial but was not called to testify. ECF No. 1-1 at 10. Attached to the memorandum is the statement of Robert Carranza, who says that he attended the trial. ECF No. 1-2. Although Carranza points out alleged deficiencies in the performance of Movant's counsel,

5

Carranza does not state that he would have testified or what the subject of his testimony would have been. There is no reason to believe that he would have qualified to give expert testimony in any event. Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, a movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010). Movant has entirely failed to meet his burden.

Movant generally complains about counsel's conduct of the defense. Again, he fails to provide specifics. How to cross-examine a witness is within counsel's discretion. *See Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Regardless, Movant has not shown that any particular evidence would have been excluded had a particular objection been raised or had cross-examination been conducted in a different manner.

In his brief, but nowhere in the motion that the Court can discern, Movant complains that counsel failed to state any grounds for his Rule 29 motion. ECF No. 1-1 at 14–15. He fails to identify any such grounds. In his reply, he argues that counsel should have raised insufficiency of the evidence to show that Movant had knowledge that a pill mill was being operated or that he had knowingly entered into an agreement for its operation. ECF No. 9 at 12. Of course, as the Government recites and as the appellate court determined, there was ample evidence to establish the conspiracy. Movant has not shown, and cannot show, that he would have prevailed on the Rule

6

29 motion had it been more specifically articulated.

In sum, Movant has not overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Newbury*, 756 F.3d at 872–73.

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 29th **day** of **February, 2024**.

_____
David C. Godbey
Chief United States District Judge